PERK, COUNTY AUDITOR, APPELLEE, *v.* BOARD OF REVISION ET AL., APPELLANTS.

(No. 31337—Decided October 5, 1971.)

*Mr. J. William Petro* and *Mr. Willis J. Zangerle,* for appellee.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. John L. Dowling* and *Mr. Jeffrey L. Kocian,* for appellants.

*Per Curiam.* Under the statutory plan devised by the Ohio Legislature county boards of revision, or a majority of the members of such boards, have the authority:[1]

[1]Hereafter any reference to the powers of the Board shall be deemed to mean the powers of the board of revision *or a majority of it,* since the statute envisions the "exercise [of] all powers" by the majority in the absence of unanimity. See *R. C. 5715.02,* second paragraph (bracketed material added).

(1) To hire and fire all "the experts, clerks, and other employees" of the board, R. C. 5715.04, necessary to achieve the statutory work and objectives assigned the board within the limits of the length of service set by the Board of Tax Appeals, and

(2) to "exercise all the powers" necessary for the conduct of each board's business. See R. C. 5715.02 and 5715.06; cf. R. C. 5715.03 and 5715.04.

The statute further provides that the county auditor for each of the respective counties is a member and secretary of the board of revision for the county. His duties require him to call the board together "as often as necessary during any year, keep an accurate record of the proceedings of the board in a book kept for the purpose, and perform such other duties as are incidental to the position." R. C. 5715.09. He is also required to preserve in his office separate records "of all minutes and documentary evidence offered on each complaint" considered by the board of revision, R. C. 5715.08. Nowhere in the statutes is the employment of a person to function both as an expert and an administrator authorized. It follows that the secretary of the board, under the aegis of the statutory authority to perform "such other duties as are incidental to the post of secretary," is authorized and required to perform the duties necessary to the supervision of the employees of the board. This is so because "secretary" is the only post mentioned by the statute which in ordinary usage carries administrative duties.

However, whatever performance is entailed by the phrase "other duties incidental to the post of secretary" and whatever needs to be done to carry on the board's work, those actions must respond ultimately to the policy directions and dictates of the board. R. C. 5715.02.[2] The county auditor intervenes as supervisor in such processing of board business as the statutes contemplate, not in his capacity as auditor, but as secretary to the board and he administers the work of the employees *appointed by the*

---

[2] See footnote 1.

184

*board of revision only in his capacity as secretary and in no other role.* As secretary to the board he is responsible to the board³ for the performance of his duties as secretary, for the implementation of the standards which the board establishes for the conduct of its work, and for the performance of the employees of the board which he, as secretary, supervises as those employees carry out the functions necessary to the achievement of the board's assigned statutory objectives. The secretary of the board has no authority to hire and fire except when acting with the board as a member of such board.

Affirmed as to Assignment of Error No. 1.

Reversed as to Assignments of Error Nos. 2 and 3.

The cause is remanded for further proceedings according to law.

*Judgment reversed in part and affirmed in part and cause remanded.*

DAY, C. J., WASSERMAN and SILBERT, JJ., concur.